ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
HARRY MORRISON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY MORRISON,<br><br>           Plaintiff,<br><br>      vs.<br><br>LENDER RECOVERY SERVICES, INC.,<br><br>           Defendant. | Case No: 2:23-cv-7677<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |

COMPLAINT

Plaintiff Harry Morrison hereby complains against defendant Lender Recovery Services, Inc., and alleges as follows:

## OPERATIVE FACTS

1.  Plaintiff purchased an automobile on credit from a California dealership, and signed a retail installment sales contract. The contract was eventually assigned to Primera Financial Corp, an automobile lender.  Primera had a security interest in the vehicle, which was collateral for the account. Primera, either directly or through a third party repossession agency, hired defendant Lender Recovery Services, Inc. ("LRS") to conduct a repossession of plaintiff's vehicle.

2.  On or about July 21, 2023, LRS repossessed plaintiff's vehicle in Los Angeles, California by entering private property which was secured by a closed and locked gate, without permission. This was a violation of the Collateral Recovery Act at Bus. & Prof. Code § 7508.2(d), and a crime. Accordingly, defendant breached the peace in conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Fair Debt Collection Practices Act.

3.  In further violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, LRS failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written personal property inventory.  These acts were also crimes under the Collateral Recovery Act.

## JURISDICTION AND VENUE

4.  The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

6. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California, county of Los Angeles.

7. Defendant Lender Recovery Services, Inc. is a California corporation headquartered in Poway, California.

**FIRST CAUSE OF ACTION**
**(Against LRS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

8. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

9. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

10. Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

11. Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

12. Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k. Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA. The nature of defendants' violations justifies the maximum statutory damages award available.

13. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

COMPLAINT

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Against LRS for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)

14. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15. The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

16. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendant sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

17. Defendant was at all times relevant herein a "debt collector" within the meaning of Civil Code § 1788.2(c), in that it regularly and in the ordinary course of business, on behalf of itself or others, engages in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

18. Defendant violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendant violated Bus. & Prof. Code § 7502.1(a) and committed misdemeanors, by violating Bus. & Prof. Code § 7508.2(d). Defendant also committed criminal trespass. Defendant also committed crimes by failing to comply with Bus. & Prof. Code §§ 7507.9 and 7501.10.

19. Defendant violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

20. As a proximate result of defendant's violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

21. Defendant's violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $2,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

22. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages,

2. For statutory damages;

3. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

4. For pre-judgment interest to the extent permitted by law; and

5. For such other and further relief as the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: September 14, 2023

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
HARRY MORRISON