1  ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone:  (800) 616-9325
   Facsimile:  (800) 616-9325
4  Email: alec@hush.com

5  Attorneys for Plaintiff
   HARRY MORRISON
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 HARRY MORRISON,                    )  Case No:  2:23-cv-7677-JLS (AJRx)
                                      )
12            Plaintiff,              )
                                      )  **SECOND AMENDED COMPLAINT**
13                                    )  **FOR:**
                                      )
14      vs.                           )  **(1) VIOLATIONS OF THE FAIR**
                                      )  **DEBT COLLECTION PRACTICES**
15                                    )  **ACT**
   DONALD LEE MCCOMAS, LUIS F.        )
16 TOBAR, YOLANDA TOBAR, JORGE        )  **(2) VIOLATIONS OF THE**
   A. TOBAR, and PRIMERA              )  **ROSENTHAL FAIR DEBT**
17                                    )  **COLLECTION PRACTICES ACT**
   FINANCIAL CORP.,                   )
18                                    )  **(3) CONVERSION**
            Defendants.              )
19                                    )  **(4) VIOLATIONS OF THE**
                                      )  **COLLATERAL RECOVERY ACT**
20                                    )
                                      )  **(5) TRESPASS TO CHATTELS**
21                                    )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25 _____ )

26

27

28

                                                    COMPLAINT

Plaintiff Harry Morrison hereby complains against defendants Donald Lee McComas, Luis F. Tobar, Yolanda Tobar, Jorge A. Tobar, and Primera Financial Corp., and alleges as follows:

## OPERATIVE FACTS

1.      Plaintiff purchased an automobile on credit from a California dealership, and signed a retail installment sales contract. The contract was eventually assigned to defendant Primera Financial Corp, an automobile lender. Primera had a security interest in the vehicle, which was collateral for the account.

2.      Defendants Luis Tobar, Jorge Tobar, and Yolanda Tobar (hereinafter "the Tobars") operate an unlicensed repossession agency. The Tobars have never registered themselves as the owners of any licensed repossession agency. They own and manage their unlicensed repossession agency by hiding behind the repossession license of defendant Donald Lee McComas, who is over 80 years old and lives in Kentucky. Donald Lee McComas is the registered owner of repossession license RA-1356, under the fictitious business name of "Lenders Recovery," but has not been involved in the business for at least a decade. Defendant Yolanda Tobar is registered as the qualified manager of the business, but has no active involvement in it.  Defendant Luis Tobar is registered as a repossession agency employee under license RA-1356, but is in fact an unregistered owner and manager. Defendant Jorge Tobar has no license or registration with the Bureau of Security and Investigative Services at all, but still owns and actively manages the business.

3.      Primera hired the unlicensed Tobars to conduct a repossession of plaintiff's vehicle.  This was a crime under the Collateral Recovery Act.

4.      On or about July 21, 2023, the Tobars, or someone acting at their direction, repossessed plaintiff's vehicle in Los Angeles, California by entering private property which was secured by a closed and locked gate, without permission. This was a violation of the Collateral Recovery Act at Bus. & Prof. Code § 7508.2(d), and a crime. Accordingly, defendants breached the peace in

COMPLAINT

conducting the repossession of plaintiff's vehicle, in violation of Commercial Code § 9609 and the Fair Debt Collection Practices Act.

5.   The Tobars damaged plaintiff's vehicle during the unlawful repossession.

6.   In further violation of the Collateral Recovery Act, Bus. & Prof. Code §§ 7507.9 and 7507.10, the Tobars failed to notify plaintiff in writing of the seizure of the vehicle within 48 hours, and failed to mail him a written personal property inventory.  These acts were also crimes under the Collateral Recovery Act.

7.   The Tobars continue today with their unlicensed repossession activity by repossessing vehicles in California, hiding behind McComas' old repossession license. McComas knew of and has ratified this illegal activity, allowing himself to be the regulatory "beard" for the unlicensed Tobars.  Accordingly, plaintiff seeks an injunction under the Collateral Recovery Act to put an end to this unlicensed activity by defendants.

## JURISDICTION AND VENUE

8.   The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d).  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.   Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

10.   Plaintiff is a natural person over the age of 18 years and is a resident of the state of California, county of Los Angeles.

11.   Defendant Donald Lee McComas is a natural person over the age of 18 years and is a resident of Louisville, Kentucky.

12.   Defendant Luis F. Tobar is a California resident.

13.   Defendant Yolanda Tobar is a California resident.

2

14.     Defendant Jorge A. Tobar is a California resident.

15.     Defendant Primera Financial Corp. is a California corporation with its headquarters in Los Angeles county.

### FIRST CAUSE OF ACTION
**(Against the Tobars and McComas for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

16.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17.     Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are each a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

18.     Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

19.     Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

20.     Plaintiff is entitled to $1,000 in statutory damages against each defendant pursuant to 15 U.S.C. § 1692k.  Defendants committed their violations willfully and knowingly, and have frequently and persistently failed to comply with the FDCPA.  The nature of defendants' violations justifies the maximum statutory damages award available.

21.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 et seq.)**

22.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

23.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

24.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Civil Code § 1788.2(d).

25.     Defendants were at all times relevant herein "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

26.     Defendants violated Civil Code § 1788.10(a) by using criminal means to cause harm to the property of plaintiff. Defendants violated Bus. & Prof. Code § 7502.1(a) and committed misdemeanors, by violating Bus. & Prof. Code § 7508.2(d).  Defendants also committed criminal trespass.  Defendants committed crimes by failing to comply with Bus. & Prof. Code §§ 7507.9 and 7501.10. The Tobars violated Bus. & Prof. Code § 7502.1(a) and committed misdemeanors, by engaging in unlicensed repossession activity. Primera committed a crime by hiring

4

unlicensed persons to conduct a repossession.  Primera is vicariously liable for the violations of the other defendants alleged herein.

27.    Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect an alleged debt. Primera is vicariously liable for the violations of the other defendants.

28.    Defendants the Tobars and McComas violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692e, by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

29.    As a proximate result of defendant's violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

30.    Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $2,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

31.    Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants For Conversion)**

32.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

33.    Plaintiff was entitled to immediate possession of his vehicle, when defendants repossessed it.

5

34.     Defendants wrongfully deprived plaintiff of possession of his vehicle by breaching the peace and conducting an unlicensed repossession.

35.     Plaintiff has suffered and is entitled to recover damages for defendants' conversions.

36.     Defendants acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code § 3294, thereby entitling him to an award of punitive damages.

37.     As to the Tobars, plaintiff is entitled to recover treble damages up to $10,000, and his attorney's fees and costs in this action, pursuant to California Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
**(Against The Tobars for Violations of the Collateral Recovery Act)**

38.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

39.     The Tobars are "repossession agencies" within the meaning of California Business & Professions Code § 7500.2, in that they engage in business and/or accept employment to locate or recover collateral, for consideration. They are prohibited from these activities pursuant to California Business & Professions Code § 7502 because they are not licensed as repossession agencies in California.

40.     California Business & Professions Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossessor to obtain an injunction or other appropriate order restraining the unlicensed conduct, and to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against the Tobars, as well as a public injunction restraining the Tobars from further violations of the CRA.

41.     Plaintiff is entitled to recover his attorney's fees and costs under this cause of action, pursuant to California Code of Civil Procedure § 1029.8.

COMPLAINT

WHEREFORE, plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
### (Against All Defendants for Trespass to Chattels)

42.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

43.     Defendants interfered with and damaged plaintiff's vehicle in connection with the repossession.

44.     Plaintiff has suffered and is entitled to recover damages for defendants' trespass.

45.     As to the Tobars, plaintiff seeks treble damages and his reasonable attorneys fees and costs, pursuant to Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.  For actual damages,

2.  For statutory damages;

3.  For civil fines;

4.  For punitive damages;

5.  For injunctive relief;

6.  For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

7. For pre-judgment interest to the extent permitted by law; and

8.  For such other and further relief as the Court may deem just and proper.

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  March 22, 2024                     Respectfully Submitted,

                                            TRUEBLOOD LAW FIRM


By:      _____/s/_____
                                            Alexander B. Trueblood

                                            Attorneys for Plaintiff
                                            HARRY MORRISON

2