**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOSEPH A. SALAZAR JR., SB# 169551
  E-Mail: Joe.Salazar@lewisbrisbois.com
KEATON D. MENDOZA, SB# 321172
  E-Mail: Keaton.Mendoza@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendants, LUIS F. TOBAR, YOLANDA TOBAR, JORGE A. TOBAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HARRY MORRISON,<br><br>         Plaintiff,<br><br>    vs.<br><br>DONALD LEE MCCOMAS, LUIS F. TOBAR, YOLANDA TOBAR, JORGE A. TOBAR, and PRIMERA FINANCIAL CORP,,<br><br>         Defendants. | Case No. 2:23-cv-7677-JLS(AJRx)<br><br>**ANSWER OF LUIS F. TOBAR, YOLANDA TOBAR AND JORGE A. TOBAR TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Trial Date:        None Set |

Defendants LUIS F. TOBAR, YOLANDA TOBAR, and JORGE A. TOBAR (hereinafter "Answering Defendants"), by and through their counsel, hereby answer each paragraph of the Second Amended Complaint of Plaintiff HARRY MORRISON ("Plaintiff") and asserts their Affirmative Defenses as follows:

## OPERATIVE FACTS

1.      In responding to Paragraph 1 of Plaintiff's Second Amended Complaint, Answering Defendants lack information sufficient to enable them to admit or deny the allegations of Paragraph 1 of Plaintiff's Second Amended Complaint, and so deny the allegations on the basis of this lack of information.

2.      In responding to Paragraph 2 of Plaintiff's Second Amended

Complaint, Answering Defendants deny that they operate an unlicensed repossession agency. Answering Defendants deny that they have never registered themselves as the owners of any licensed repossession agency. The allegations that the Tobars own and manage their unlicensed repossession agency by hiding behind the repossession license of defendant Donald Lee McComas contains legal conclusions and characterizations of the lawsuit for which no admission or denial is required and to the extent these allegations allege any wrongdoing by Answering Defendants, Answering Defendants deny this allegation. Answering Defendants admit that Donald Lee McComas is the registered owner of repossession license RA-1356, under the fictitious business name of "Lenders Recovery." Answering Defendants lack information sufficient to enable them to admit or deny the allegation that Donald Lee McComas has not been involved in the business for at least a decade as the allegation is vague and ambiguous in its use of the phrase "involved in the business," and so deny the allegation on the basis of this lack of information. Answering Defendants lack information sufficient to enable them to admit or deny the allegation that Yolanda Tobar is registered as the qualified manager of the business as the allegation is vague and ambiguous in its use of the phrase "qualified manager of the business," and so deny the allegation on the basis of this lack of information. Answering Defendants lack information sufficient to admit or deny the allegation that Yolanda Tobar has no active involvement in it as the allegation is vague and ambiguous in its use of the term "active involvement in it," and so deny the allegation on the basis of this lack of information. Answering Defendants admit Luis Tobar is registered as a repossession agency employee under license RA-1356. Answering Defendants lack sufficient information to admit or deny the allegation that Luis Tobar is in fact an unregistered owner and manager as the allegation is vague and ambiguous in its use of the term "unregistered owner and manager," and so deny the allegation on the basis of this lack of information. Answering Defendants deny Jorge Tobar has no license or registration with the

Bureau of Security and Investigative Services. Answering Defendants lack information sufficient to enable them to admit or deny the allegation that Jorge Tobar still owns and actively manages the business as it is vague and ambiguous in its use of the term "owns and actively manages the business," and so deny the allegation on the basis of this lack of information.

3. In responding to Paragraph 3 of Plaintiff's Second Amended Complaint, Answering Defendants deny the factual allegations. The balance of the paragraph is a legal conclusion for which  of the lawsuit for which no admission or denial is required. To the extent a response is required and to the extent this allegation alleges any wrongdoing by Answering Defendants, Answering Defendants deny this allegation.

4. In responding to Paragraph 4 of Plaintiff's Second Amended Complaint, Answering Defendant Luis Tobar admits that he repossessed the subject vehicle. Answering Defendants deny the balance of the paragraph's factual allegations. The balance of Paragraph 4 contains legal conclusions for which no admission or denial is required. To the extent a response is required, Answering Defendants deny the allegations.

5. In responding to Paragraph 5 of Plaintiff's Second Amended Complaint, Answering Defendants deny the allegations.

6. In responding to Paragraph 6 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph and its subparts.

7. In responding to Paragraph 7 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation

of this paragraph.

## JURISDICTION AND VENUE

8. In responding to Paragraph 8 of Plaintiff's Second Amended Complaint, Answering Defendants admit that the court has Federal question jurisdiction over the Federal law claims. The court also has supplemental jurisdiction of the state law claims to the extent they arise out of the same operative nucleus of facts as the Federal claim.

9. In responding to Paragraph 9 of Plaintiff's Second Amended Complaint, Answering Defendants admit that a substantial part of the events or omissions alleged in Plaintiff's Second Amended Complaint occurred in the Central District of California.

## PARTIES

10. In responding to Paragraph 10 of Plaintiff's Second Amended Complaint, Answering Defendants lack sufficient knowledge to admit or deny the allegations contained therein and based thereon, deny the allegations on the basis of this lack of information.

11. In responding to Paragraph 11 of Plaintiff's Second Amended Complaint, Answering Defendants admit that Donald Lee McComas is a natural person. Answering Defendants lack information sufficient to admit or deny the remaining allegations contained therein and based thereon, deny and allegations on the basis of this lack of information.

12. In responding to Paragraph 12 of Plaintiff's Second Amended Complaint, Answering Defendants admit that Luis F. Tobar is a California resident.

13. In responding to Paragraph 13 of Plaintiff's Second Amended Complaint, Answering Defendants admit that Yolanda Tobar is a California resident.

14. In responding to Paragraph 14 of Plaintiff's Second Amended Complaint, Answering Defendants admit that Jorge A. Tobar is a California

resident.

15. In responding to Paragraph 15 of Plaintiff's Second Amended Complaint, Answering Defendants lack information sufficient to admit or deny the allegations contained therein, and so deny the allegations on the basis of this lack of information.

## FIRST CAUSE OF ACTION

**(Against the Tobars and McComas for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)**

16. In responding to Paragraph 16 of Plaintiff's Second Amended Complaint, Answering Defendants incorporate by reference their response to each and every allegation contained in Paragraphs 1 through 15, inclusive, as though fully set forth at length.

17. In responding to Paragraph 17 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

18. In responding to Paragraph 18 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

19. In responding to Paragraph 19 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

20. In responding to Paragraph 20 of Plaintiff's Second Amended

1 Complaint, the allegations contained therein are legal conclusions and
2 characterizations of the lawsuit for which no admission or denial is required. To the
3 extent a response is required, Answering Defendants deny each and every allegation
4 of this paragraph.

5     21. In responding to Paragraph 21 of Plaintiff's Second Amended
6 Complaint, the allegations contained therein are legal conclusions and
7 characterizations of the lawsuit for which no admission or denial is required. To the
8 extent a response is required, Answering Defendants deny each and every allegation
9 of this paragraph.

## SECOND CAUSE OF ACTION

**(Against All Defendants for Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code 1788 et set)**

13     22. In responding to Paragraph 22 of Plaintiff's Second Amended
14 Complaint, Answering Defendants incorporate by reference their response to each
15 and every allegation contained in Paragraphs 1 through 21, inclusive, as though fully
16 set forth at length.

17     23. In responding to Paragraph 23 of Plaintiff's Second Amended
18 Complaint, the allegations contained therein are legal conclusions and
19 characterizations of the lawsuit for which no admission or denial is required. To the
20 extent a response is required, Answering Defendants deny each and every allegation
21 of this paragraph.

22     24. In responding to Paragraph 24 of Plaintiff's Second Amended
23 Complaint, the allegations contained therein are legal conclusions and
24 characterizations of the lawsuit for which no admission or denial is required. To the
25 extent a response is required, Answering Defendants deny each and every allegation
26 of this paragraph.

27     25. In responding to Paragraph 25 of Plaintiff's Second Amended
28 Complaint, Answering Defendants the allegations contained therein are legal

conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

26. In responding to Paragraph 26 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

27. In responding to Paragraph 27 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

28. In responding to Paragraph 28 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

29. In responding to Paragraph 29 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

30. In responding to Paragraph 30 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph and its subparts.

31. In responding to Paragraph 31 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph and its subparts.

## THIRD CAUSE OF ACTION

### (Against All Defendants For Conversion)

32. In responding to Paragraph 32 of Plaintiff's Second Amended Complaint, Answering Defendants incorporates by reference its response to each and every allegation contained in Paragraphs 1 through 31, inclusive, as though fully set forth at length.

33. In responding to Paragraph 33 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

34. In responding to Paragraph 34 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

35. In responding to Paragraph 35 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

36. In responding to Paragraph 36 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and

characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

37. In responding to Paragraph 37 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

## FOURTH CAUSE OF ACTION

**(Against The Tobars for Violations of the Collateral Recovery Act)**

38. In responding to Paragraph 38 of Plaintiff's Second Amended Complaint, Answering Defendants incorporates by reference its response to each and every allegation contained in Paragraphs 1 through 37, inclusive, as though fully set forth at length.

39. In responding to Paragraph 39 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

40. In responding to Paragraph 40 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

41. In responding to Paragraph 41 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation

of this paragraph and its subparts.

## FIFTH CAUSE OF ACTION

**(Against All Defendants for Trespass to Chattels)**

42. In responding to Paragraph 42 of Plaintiff's Second Amended Complaint, Answering Defendants incorporate by reference its response to each and every allegation contained in Paragraphs 1 through 41, inclusive, as though fully set forth at length.

43. In responding to Paragraph 43 of Plaintiff's Second Amended Complaint, Answering Defendants deny generally, and specifically each and every allegation contained therein. Answering Defendants lack sufficient knowledge to admit or deny the allegations contained therein as to the other parties named and based thereupon, denies generally and specifically each and every allegation contained therein.

44. In responding to Paragraph 44 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph.

45. In responding to Paragraph 45 of Plaintiff's Second Amended Complaint, the allegations contained therein are legal conclusions and characterizations of the lawsuit for which no admission or denial is required. To the extent a response is required, Answering Defendants deny each and every allegation of this paragraph and its subparts.

/ / /

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Further Affirmative Defenses)

1. Defendants have not completed their investigation of the facts of this case, have not completed discovery, and have not completed preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defenses contained herein at any time.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

2. Plaintiffs, with the exercise of reasonable diligence and effort, would have and could have mitigated the damages alleged in his Second Amended Complaint, which damages Defendants specifically deny, and the resultant damages, if any, complained of in the Second Amended Complaint were directly and proximately caused by the failure, negligence and refusal of Plaintiff to exercise reasonable diligence in an effort to mitigate any such damages. Those damages Plaintiff could have avoided by the exercise of reasonable diligence and effort may not be recovered against these answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Negligence/Liability of Others)

3. The damages sustained by Plaintiffs, if any, may have been caused, in whole or in part, by the negligence or fault of others for which Defendants are not liable or responsible.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel/Waiver)

4. By virtue of Plaintiff's own conduct, Plaintiff is estopped from recovering from these answering Defendants for the claims in Plaintiff's Second

Amended Complaint. Defendants allege that, by reason of Plaintiff's own acts, omissions, representations and courses of conduct, Plaintiff has waived any right to assert claims against these answering Defendants

## FIFTH AFFIRMATIVE DEFENSE
### (No Causation)

5. These answering Defendants allege that there is no causal relationship between any injuries or damages allegedly sustained by Plaintiff and any alleged wrongful act by these answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE
### (Non-Liability for Non-Economic Damages)

6. Should it be found that these answering Defendants are in any manner legally responsible for any damages sustained by Plaintiff, which these Answering Defendants specifically deny, these Answering Defendants' liability for non-economic damages shall be several only and not joint, such that these Answering Defendants shall be liable only for the amount of non-economic damages allocated to these Answering Defendants in direct proportion to their percentage of fault, if any.

## SEVENTH AFFIRMATIVE DEFENSE
### (Avoidance)

7. Plaintiff failed to take precautions that would have avoided and/or diminished Plaintiff's injuries and damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE
### (Comparative Fault- Plaintiff)

8. Plaintiff's claims are barred, in whole or in part, because if Plaintiff suffered or sustained any damage, injury, or detriment as alleged in the Second Amended Complaint, which damages these Answering Defendants specifically deny, any such damages, injuries, or detriments sustained by Plaintiff, if any, were proximately caused and contributed to by the actions, intentional or negligent, of Plaintiff; and that by reason of the doctrine of comparative fault, Plaintiff is barred

from recovery, in whole or in part, of such portion of said damages, if any, as proximately resulted from the aforementioned conduct.

## NINTH AFFIRMATIVE DEFENSE
### (Fault of Others)

9. Answering Defendants assert that Plaintiff's alleged damages and injuries, if any, were caused by factors and circumstances unrelated to any alleged wrongful acts or omissions by Answering Defendants. The alleged damages in question were caused by the fault of others, including unknown and third parties who are not parties to this litigation. Any recovery on behalf of Plaintiff herein for general damages must be proportionate to Answering Defendants' fault, if any, and must take into account the fault of unknown or third parties who have not been sued.

## TENTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

10. The injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against these Answering Defendants.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

11. Answering Defendants assert that Plaintiff's Second Amended Complaint fails to state facts sufficient to constitute a cause of action against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (No Duty)

12. Answering Defendants allege that they owed no duty or obligation to Plaintiff.

///

///



### THIRD AFFIRMATIVE DEFENSE

### (Several Liability)

13. The provisions of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence or fault of persons or entities other than these Answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

### (Contribution and Indemnification)

14. Answering Defendants allege that they are entitled to a right of indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the happening of the alleged injuries of Plaintiff if Plaintiff should receive a verdict against Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

15. Answering Defendants allege that each and every cause of action set forth in Plaintiff's Second Amended Complaint is barred, and Plaintiff may not recover damages due to the failure of Plaintiff to take actions to avoid the injuries alleged and damages, if any, as set forth in the Second Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Sole Negligence)

16. Answering Defendants allege that Plaintiff was solely negligent in and about the matters alleged in the Complaint and such negligence on the part of said Plaintiff was the sole proximate cause of said incident and the loss or damage complained of by Plaintiff, if any.

### SEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

17. Answering Defendants allege that to the extent, and only in the event,

that they are found to be liable to Plaintiff in any sum whatsoever, which liability Answering Defendants expressly deny and dispute, such liability in whole or in part will be the direct or imputed fault and responsibility of other parties to this litigation, be they the Plaintiff, Defendants, Cross-Complainants or Cross-Defendants, and/or third parties not named herein.  As a result, Answering Defendants request that in such an event, an apportionment of fault and responsibility be made among all parties in accordance with those equitable apportionment principles set forth in *Li v. Yellow Cab Company* (1075) 13 Cal.3d 804, and *American Motorcycle Association v. Sup.Ct.* (1978) 20 Cal.3d 578.  These Answering Defendants further request a judgment and declaration of total or partial indemnification and contribution against all other parties in accordance with such apportionment of fault and responsibility.

### EIGHTH AFFIRMATIVE DEFENSE
### (Civil Code §§ 1431, *et seq.*)

18.    Answering Defendants' liability for non-economic damages, if any, should be reduced pursuant to the provisions of California Civil Code §§ 1431, *et seq*.

### NINTH AFFIRMATIVE DEFENSE
### (Civil Code § 3333.4)

19.    Answering Defendants' liability for non-economic damages, if any, should be limited pursuant to the provisions of California Civil Code § 3333.4.

### TENTH AFFIRMATIVE DEFENSE
### (Civil Code § 3294)

20.    Plaintiff's Second Amended Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive or exemplary damages against these Answering Defendants pursuant to Civil Code section 3294.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Civil Code § 3294)

21.    Imposition of punitive or exemplary damages against these Answering Defendants would deprive these Answering Defendants of their property without due

process of law under the California Constitution and the United States Constitution, pursuant to California Civil Code section 3294.

## **DEMAND FOR JURY TRIAL**

22. Answering Defendants hereby demand a trial by jury.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Second Amended Complaint on file herein;
2. That Answering Defendants be dismissed;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: July 26, 2024                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By:   */s/ Keaton D. Mendoza*
KEATON D. MENDOZA
JOSEPH A. SALAZAR JR.
Attorneys for Defendants, LUIS F. TOBAR, YOLANDA TOBAR, JORGE A. TOBAR

# FEDERAL COURT PROOF OF SERVICE
Harry Morrison v. Donald Lee McComas dba Lenders Recovery
Case No. 2:23-cv-7677-JLS(AJRx)

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 26, 2024, I served the following document(s):

- ANSWER OF LUIS F. TOBAR, YOLANDA TOBAR AND JORGE A. TOBAR TO PLAINTIFF'S SECOND AMENDED COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 26, 2024, at Sacramento, California.

/s/ Alicia Crespo
Alicia Crespo

139524195.1

1

ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## SERVICE LIST
### Harry Morrison v. Donald Lee McComas dba Lenders Recovery
### Case No. 2:23-cv-7677-JLS(AJRx)

| | |
|---|---|
| Alexander B. Trueblood<br>Trueblood Law Firm<br>10940 Wilshire Boulevard, Suite 1600<br>Los Angeles, CA 90024 | Attorneys for Plaintiff, HARRY MORRISON<br><br>T: 800-616-9325<br>F: 800-616-9325<br>alec@hush.com |
| Michael D. Van Lochem<br>Arden Burstein<br>Gurstel Law Firm<br>6565 W Sunset Blvd., Suite 412<br>Hollywood, CA 90028 | Attorneys for Defendant, PRIMERA FINANCIAL CORP.<br><br>T: 323-993-0500<br>F: 323-993-0501<br>mvanlochem@vandc.net<br>a.burstein@gurstel.com |


LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

139524195.1

2
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT